**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

FOUR BROTHERS INVESTMENTS LLC, )
                                     )
           Plaintiff,              )
                                       )
           vs.                       )         Case No. 4:25-cv-00867-MTS
                                         )
ACUITY INSURANCE COMPANY,      )
                                       )
           Defendant.             )

**<u>MEMORANDUM AND ORDER</u>**

On review of the file, the Court concludes that Plaintiff's Complaint has failed to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Gallagher v. Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025) (discussing a federal court's "independent obligation to assure" itself of subject matter jurisdiction). As bases for jurisdiction, Plaintiff puts forth both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332.[*] Doc. [1] ¶ 3. However, Plaintiff failed to provide "a short and plain statement of the grounds" for the Court's jurisdiction under either statute. *See* Fed. R. Civ. P. 8(a)(1).

Start with Plaintiff's position that this matter arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. This action involves a run-of-the-mill insurance dispute involving wind and hail damage. Doc. [1] ¶ 5. Plaintiff included two counts within the Complaint, a breach of contract claim and a claim for vexatious

---

[*] Plaintiff does not provide a subsection for the diversity jurisdiction statute but seems to be suggesting diversity jurisdiction under § 1332(a)(1).

refusal to pay under Missouri statute. Nothing in the Complaint suggests in the slightest that either claim arises under federal law. Take them in turn.

Contract cases are common law cases. Indeed, "few causes of action have their roots as deeply imbedded in the common law as an ordinary breach of contract claim." *Morris v. Highmark Life Ins. Co.*, 255 F. Supp. 2d 16, 27 (D.R.I. 2003). But "[t]here is no federal general common law." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, a claim for breach of contract between private parties rarely arises under federal law. *See Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 678 (7th Cir. 2001); *Angleton v. Pierce*, 574 F. Supp. 719, 735 n.20 (D.N.J. 1983). Nothing in the Complaint suggests Plaintiff's breach of contract claim is the unusual one that does. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (concluding that where plaintiff did not identify federal law creating cause of action for contract claim, "federal jurisdiction will lie only if resolution of th[e] breach of contract claim requires resolution of a substantial question of federal law").

Plaintiff's second claim, alleging violations of Missouri's statutes, gets this action no closer to arising under federal law. *See Arora v. Hartford Life & Annuity Ins. Co.*, 519 F. Supp. 2d 1021, 1025 (N.D. Cal. 2007) (recognizing that state law claims rarely can be "said to 'arise under' federal law"). Indeed, Plaintiff's allegations do not appear to implicate federal law at all, were that even enough. *See Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022) ("Even where a plaintiff brings state-law claims that implicate federal law, those claims cannot alone sustain federal jurisdiction.").

In short, Plaintiff's legal contention that this court has federal question jurisdiction does not appear to be warranted by existing law. *But see* Fed. R. Civ. P. 11(b)(1).

On to diversity. Since "[m]ost insurance disputes arise under state law," they "can reach federal court, if at all, only under the diversity jurisdiction." *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014); *cf. Chavers v. Hall*, 488 F. App'x 874, 878 (5th Cir. 2012) (per curiam) ("State-law claims generally are for state courts."). Perhaps intuiting this reality, Plaintiff threw in the contention that this Court also has diversity jurisdiction over this action. That contention, though, is wholly unsupported by facts—*any* facts. The contention rests only on the bare conclusion that this action is "between citizens of different states." Doc. [1] ¶ 3. However, it is well settled that such a naked declaration of diversity does not suffice. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) (noting a "naked declaration that there is diversity of citizenship is never sufficient"). The Court will not rely on Plaintiff's mere jurisdictional assurances, and Plaintiff has therefore also failed to establish this Court's diversity jurisdiction under § 1332(a).

One loose end remains, where to go from here. The Court will provide Plaintiff an opportunity to amend its Complaint to show jurisdiction. *See* 28 U.S.C. § 1653. In the amendment, Plaintiff must sufficiently include the required "short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a). In addition, this time, Plaintiff should take care to ensure that its legal contentions are warranted by existing law

or by a nonfrivolous argument for extending, modifying, or reversing existing law.  *See* Fed. R. Civ. P. 11(b).  Plaintiff also should ensure that it includes the relevant factual allegations for establishing the citizenship of both parties.  *See Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 932 F.3d 1102, 1104 (8th Cir. 2019); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004).  If it fails to do so, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday**, **July 29, 2025**, Plaintiff shall file a first amended complaint that establishes this Court's subject matter jurisdiction.  Failure to file an amended complaint that sufficiently does so will result in the dismissal of this action without prejudice and without further notice.  *See* Fed. R. Civ. P. 12(h)(3).

Dated this 24th day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE